**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **KLINGE CORPORATION** | |
| **Plaintiff,** | **No. 1:08-cv-00551** |
| **v.** | **Judge Eric G. Bruggink** |
| **THE UNITED STATES OF AMERICA** | |
| **Defendant,** | |
| **and** | |
| **SEA BOX, INC.** | |
| **Defendant-Intervenor** | |

**INTERVENOR'S RESPONSE TO PLAINTIFF'S COMPLAINT**

1. Sea Box, Inc. ["Sea Box"], through its undersigned counsel, respectfully submits this response to Plaintiff's Complaint.

2. By its Order dated August 29, 2008, the Court permitted Intervenor to file such response on or before September 3, 2008 at 1:00pm.

3. Defendant is also expected to file its response by the aforementioned due date and time. Based on its understanding of the Defendant's position in the matter, Intervenor would embrace Defendant's arguments. Intervenor's response is intended to supplement Defendant's response, not to contravene it.

4. Plaintiff argues that the Defendant improperly cancelled Request for Proposal ["RFP"] solicitation M67854-07-R-5060 and that Defendant improperly used the General

Services Administration ["GSA"] Federal Supply Schedule {"FSS"] to satisfy its Large Field Refrigeration System ["LFRS"] requirement . Intervenor disagrees.

5. As a supplement to the arguments which Defendant will proffer, Intervenor asserts that at the time Defendant elected to solicit its modified requirements under Request for Quotation ["RFQ"] 296298 and restrict responses thereunder to GSA FSS holders, there was no offer available from Plaintiff under M67854-07-R-5060 which could be accepted by Defendant so as to result in a contractual obligation for the LFRS. Based on the Administrative Record ["AR"], Intervenor believes that the acceptance period for Plaintiff's offer had expired at some point in time prior to the RFQ solicitation, and consequently, that Defendant could not have accepted that expired offer absent an affirmative and continuing extension of the offer's acceptance period by Plaintiff.

6. Defendant was under no obligation to request Plaintiff's acceptance period extension. Unlike the Federal Acquisition Regulation ["FAR"] provision which appears at FAR §14.404-1(d) *[Should administrative difficulties be encountered after bid opening that may delay award beyond bidders' acceptance periods, the several lowest bidders whose bids have not expired (irrespective of the acceptance period specified in the bid) should be requested, before expiration of their bids, to extend in writing the bid acceptance period]* as applicable to Invitation for Bid ["IFB"] solicitations, there is no similar mandate in negotiated acquisitions (as was M67854-07-R-5060). Here, the burden for assuring availability of its offer acceptance thus rested with the Plaintiff, not the Defendant.

7. Even if the Defendant attempted to accept Plaintiff's offer as it was submitted under M67854-07-R-5060 rather than solicit the revised requirement under the RFQ,

Plaintiff could have avoided the award by simply exercising its legal right to do so in the absence of an otherwise "live" offer. The LFRS is comprised of very expensive parts and components, one of which is the basic container structure which Plaintiff obtains from China, and other very expensive parts and components which make up the refrigeration unit which is attached to the basic container structure. If worldwide market or other conditions have caused the cost of the various components to markedly fall, Plaintiff would gleefully extend its offer and consequently reap a windfall to the Defendant's detriment, since without an opportunity to reopen discussions and negotiate a then fair and reasonable price, Defendant would pay more than it might otherwise have agreed. However, should worldwide market or other conditions have caused the cost of the various components [and/or labor] to markedly rise, Plaintiff would have several other choices. It could absorb the consequent reduction in prospective profit or even absorb a loss, depending on the extent of the rise in costs, or it could avoid the award altogether by refusing to extend its offer – also to the Defendant's detriment. Thus, Defendant did not have an unfettered ability to make award to Plaintiff under M67854-07-R-5060 even if it wanted to. For example, if the LFRS included some volatile market-priced part or component such as a precious metal and the price of that part or component dramatically rose [in the absence, as here, of price escalation clauses], Plaintiff would likely refuse to extend its acceptance period and avoid the award. An offer cannot be accepted after it has expired [or been withdrawn], in which case an offeror has the legal right to avoid a consequent contract obligation. If an offeror decides to waive that legal right to avoid an award, he can revive his offer by then extending the acceptance period. That waiver, revival and extension effectively becomes a new offer effective at the time of extension.

Accordingly, other offerors and prospective offerors should be given an equal opportunity to submit new offers as well. This prejudicial situation would not have arisen had Plaintiff continuously extended its offer, thus allowing Defendant to accept the offer without condition and award a contract.

8. Therefore, Intervenor argues that Plaintiff's right to award under solicitation M67854-07-R-5060 has expired, and that since an attempted revival of its offer at this time would require a further round of discussions to include Intervenor and any other offeror, such additional discussions would constructively constitute a new solicitation.

9. Intervenor further argues that Defendant's use of the GSA FSS was indeed appropriate. Intervenor believes that Defendant's original market research [conducted in late 2006 and early 2007, and preceding the original solicitation of the LFRS requirement in mid-2007] indeed considered using GSA's FSS, but found no product on available schedules which would meet its requirements.

10. Intervenor [and it is believed at least one other firm as well] subsequently, appropriately and independently placed product meeting Defendant's present needs on its GSA FSS contract. Note that Plaintiff had an equal opportunity to establish a GSA FSS and do so as well, but to date, it has chosen not to. Therefore, subsequent to the initial acquisition attempts, but some time prior to Defendant's issuance of RFQ 296298, Defendant's continuing market research demonstrated that its needs could be satisfied by product available under GSA FSS contracts. Indeed, at least two firms have submitted responses to the RFQ, such responses which are currently being evaluated by Defendant.

11. Defendant had an <u>obligation</u> to consider use of available GSA FSS contracts. FAR § 8.002(a) mandates that, unless otherwise provided by law, agencies shall satisfy

requirements for supplies from or through certain sources in a certain order of priority. That order of priority, appearing at § 8.002(a)(1), identifies the use of federal supply schedules *ahead of* commercial sources. Therefore, and notwithstanding any other reason or reasons espoused by Defendant justifying its use of the GSA FSS, Defendant properly deferred to use of the GSA FSS instead of solicitation M67854-07-R-5060 when its subsequent market research revealed that its needs could be appropriately satisfied. Defendant had the right to conduct such subsequent market research and to decide whether it should accept an otherwise available offer [i.e., one for which an acceptance period had been extended] or to seek satisfaction of its requirements via another acquisition strategy – i.e., the GSA FSS or some other means. For example, had the contracting officer discovered, after this Court's holding in 1:08-cv-00134, that his agency's needs could be more conveniently and economically filled by interagency transfer complying with the Economy Act as prescribed in FAR Subpart 17.5, he could have used such methodology rather than solicitation M67854-07-R-5060.

12. The contracting officer cannot ignore FAR § 8.002(a) and is obligated to consider it and follow its mandates as appropriate. Thus, the availability of product via GSA FSS contracts meeting Defendant's requirements provided a rational basis in law and in fact for use of the GSA FSS rather than M67854-07-R-5060. Even if the contracting officer never considered the absolute mandate of FAR § 8.002(a), he was obliged to do so notwithstanding this Court's holding in 1:08-cv-00134.

13. Therefore, considering the above reasons and for the reasons which Defendant will proffer to this Court, Intervenor respectfully argues that the Defendant should prevail in this litigation, that Plaintiff's requests for permanent relief beyond the

temporary restraining order and preliminary injunction should be denied, and that any such temporary restraining order and preliminary injunction should be lifted.

Respectfully Submitted,

s/Robert A. Farber
Robert A. Farber
1900 Frontage Road, Suite 1613
Cherry Hill, NJ 08034
Telephone: 610-349-1346
Facsimile: 267-295-9938

Counsel for Intervenor

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **KLINGE CORPORATION,** | |
| **Plaintiff,** | **No. 1:08-cv-00551** |
| **v.** | **Judge Eric C. Bruggink** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant,** | |
| **and** | |
| **SEA BOX, INC.** | |
| **Defendant-Intervenor** | |

**<u>CERTIFICATE OF FILING AND SERVICE</u>**

I hereby certify that on September 3, 2008, a copy of the foregoing *Intervenor's Response to Plaintiff's Complaint* was filed electronically. I understand that notice of such filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access such filing through the Court's system.

<u>s/Robert A. Farber</u>
Robert A. Farber
1900 Frontage Road, Suite 1613
Cherry Hill, NJ 08034
Telephone: 610-349-1346
Facsimile: 267-295-9938

Counsel for Intervenor