# In the United States Court of Federal Claims

No. 08-551C

(Filed: September 23, 2009)[1]

* * * * * * * * * * * * * * * * * * * * * *

KLINGE CORPORATION,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant,*

and

SEA BOX, INC.

       *Intervenor*.

* * * * * * * * * * * * * * * * * * * * * *

OPINION

BRUGGINK, *Judge*.

  Pending is plaintiff's ("Klinge") Motion for Attorneys' Fees and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006), filed on May 8, 2009. Plaintiff requests reimbursement of fees and expenses in the amount of $37,024.99. Defendant opposes the motion,

---

[1] This opinion was originally issued under seal on August 18, 2009. The parties were given an opportunity to propose redaction of sensitive information. No redactions were proposed.

arguing that its litigation position was substantially justified pursuant to EAJA requirements. For the reasons stated below, plaintiff's motion is denied.

BACKGROUND[2]

Plaintiff filed a post-award bid protest here on March 6, 2008, seeking to enjoin the U.S. Marine Corps Systems Command ("the agency") from making an award to Sea Box ("intervenor") under Request For Proposals ("RFP") No. M67854-07-R05060 for an indefinite delivery, indefinite quantity ("IDIQ") contract for between 10 and 300 Large Field Refrigeration Systems ("LFRS"). *See Klinge Corp. v. United States*, 82 Fed. Cl. 127 (2008) ("*Klinge I*"). In *Klinge I*, we enjoined the award to Sea Box because the agency's failure to disqualify it for non-compliance with the Trade Agreements Act ("TAA") was arbitrary and not in accordance with law. *See* 19 U.S.C. §§ 2501 *et seq.* (2006); *see also* 82 Fed. Cl. at 137-38. The action was dismissed, and on November 21, 2008, we awarded plaintiff attorney's fees pursuant to the EAJA in the amount of $84,068.94.

On July 31, 2008, plaintiff filed a second complaint for declaratory and injunctive relief connected with the same procurement. Plaintiff asserted that the agency *de facto* cancelled the RFP by issuing a General Services Administration Federal Supply Schedule ("GSA FSS") Request for Quotations ("RFQ") for LFRSs, and that this cancellation was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Plaintiff alleged that it was next in line for the award under the RFP and that the agency's decision to resolicit through an RFQ was pretextual and designed to steer the award to Sea Box and away from Klinge.

Plaintiff requested that the court enjoin the agency from awarding the RFQ to intervenor, or alternatively, that it grant Klinge bid preparation and proposal costs. On September 12, 2008, we denied plaintiff's request to enjoin an award under the RFQ:

> Plaintiff's principal contention is that the decision to cancel, or at least not pursue the solicitation through the RFP,

---

[2] The facts of this case are taken from our prior opinions, *Klinge Corp. v. United States*, 83 Fed. Cl. 773, 776-80 (2008) *("Klinge II")* and *Klinge Corp. v. United States*, 86 Fed. Cl. 713, 718-19 (2009) ("*Klinge III*").

followed by the use of the FSS task order, constitutes bad faith on the part of the agency. It asserts that these decisions were pretextual, and that they were motivated by a desire to keep the contract away from plaintiff and steer it to Sea Box. The short answer to this assertion is that it has no support in the record. This series of procurement decisions was unquestionably inartful, but we have no reason to think they were motivated by malice toward plaintiff or favoritism toward Sea Box. There is no evidence that the [contracting officer] was ill-disposed toward plaintiff or that he opted for a task order because it would leave plaintiff out. We are left simply with a theory of *post hoc, ergo propter hoc*. But the mere fact that Sea Box lost the first award and is eligible to receive a task order under the second solicitation proves nothing.

. . . .

We believe that the net result of finding no bad faith is that we cannot enjoin the second procurement. As we explained above, there is nothing inherently improper with pursuing two solicitations to procure fungible, but indefinite, quantities of the same item. While the potential purchase under the RFP could have been as high as 300 (or 1500, depending on whose view would prevail), it was still an IDIQ contract with a minimum quantity of only ten LFRSs. There is no necessary inconsistency, in other words, between the two solicitations. While we conclude, as we explain below, that the [contracting officer's] decision not to pursue the RFP was based on a mistake of law, it was merely a mistake and in no way implicates the integrity of the second procurement. In short, enjoining the second procurement, which, standing alone, is not drawn into question, is not the appropriate remedy.

. . . .

. . . In addition, if we granted injunctive relief, the agency would only be obligated to ask for ten LFRSs from plaintiff, assuming it received the award under the RFP. Moreover, if we granted relief, at least one third party who had no responsibility for the mistakes in the first procurement would be directly and

3

> negatively impacted, by losing the FSS task order award. In sum, the balance of harms does not weigh in plaintiff's favor. We therefore deny injunctive relief and grant the alternative relief requested, reimbursement of bid preparation and proposal costs. *See* 28 U.S.C. § 1491(b)(2).

*Klinge II*, 83 Fed. Cl. at 776-80. We directed the parties to confer and attempt to stipulate to the amount of bid preparation costs. The parties submitted a status report on December 5, 2008, agreeing to bid preparation costs in the amount of $50,219.19.

On December 18, 2008, defendant filed a motion for reconsideration of the court's September 12, 2008 opinion. Defendant argued that the award of injunctive relief with regard to the original RFP precluded the court from awarding plaintiff bid preparation costs concerning the same procurement. On December 23, 2008, plaintiff filed a motion for reconsideration of the court's September 12, 2008 opinion. In its motion, plaintiff alleged that it had obtained new information regarding the agency's inaccurate market research which called into question the factual basis of our prior opinion. Specifically, plaintiff argued that the new information revealed the agency's pretext against Klinge and proved that the award to Sea Box under the RFQ was an unjustified sole source award and a violation of Federal Acquisition Regulation ("FAR") Subparts 8.405-6 and 8.405-1(c)(1).

On April 10, 2009, we denied both motions for reconsideration. Regarding plaintiff's motion for reconsideration, we held:

> . . . [W]e limit plaintiff's standing to the argument that the agency chose to use an RFQ instead of an RFP simply as a pretext, either to avoid giving the contract to Klinge or to funnel the work to Sea Box. Plaintiff does not have standing to challenge the validity of the RFQ in any other context.
>
> . . . .
>
> We will assume, arguendo, that plaintiff is correct in its assertion that the agency did not comply with applicable procurement regulations in the current RFQ. The narrow question remains, then, whether this alleged non-compliance establishes pretext. We do not believe it does.

4

> . . . .
>
> . . . . The basic facts surrounding the use of the RFQ in the current procurement were available to the court at the time of *Klinge II*. What plaintiff currently asserts as new evidence is that Mr. Gallagher's assumption that three vendors were capable of offering an LFRS was, in fact, wrong because [AAR Mobility Systems] did not offer an LFRS on the schedule.
>
> As stated in *Klinge II* above, however, pretext or bad faith involves more than mere error. The agency apparently believed it did not have to find three vendors actually capable of supplying a completely integrated LFRS. There is no reason to conclude, therefore, that even if the agency knew only one or two vendors could respond to the RFQ, it was acting against Klinge on pretextual grounds or that it was attempting to favor Sea Box.
>
> . . . [W]e conclude that there is insufficient evidence of bad faith or that the integrity of the procurement process was impaired to warrant the extraordinary remedy of enjoining the procurement. As plaintiff lacks standing to request the court's reconsideration of the current procurement on any other ground, plaintiff's motion is denied.

*Klinge III*, 86 Fed. Cl. at 718-19.

Regarding defendant's motion for reconsideration, we held:

> At the outset, we can clarify that our intent in *Klinge II* was, indeed, to award bid preparation costs flowing from plaintiff's participation in the RFP process, the subject of *Klinge I*. In addition, we note that the relevant statutory language– "[t]he courts may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs," 28 U.S.C. § 1491(b)(2)–does not explicitly limit a protestor to either injunctive or monetary relief.
>
> . . . .

> . . . Although we granted injunctive relief in *Klinge I*, by the time of *Klinge II*, it was plain that defendant had made the injunctive relief irrelevant, at least insofar as plaintiff's real interests were concerned, namely, having a chance at award of a contract. Although we held that the agency had the legal right to use a different procurement vehicle, the effect on plaintiff was that it no longer had a chance at an award.
>
> As plaintiff points out, recent decisions of this court make clear that injunctive and monetary relief are not mutually exclusive. In *CNA Corp. v. United States*, 83 Fed. Cl. 1 (2008), the court denied defendant's motion to strike plaintiff's application for bid preparation and proposal costs after it had previously granted plaintiff injunctive relief in a post-award bid protest.
>
> . . . .
>
> In short, we consider the award of bid preparation and proposal costs an appropriate remedy under the circumstances. We therefore deny defendant's motion for reconsideration and confirm the award of bid preparation costs.

*Klinge III*, 86 Fed. Cl. at 719-20.

On May 8, 2009, plaintiff filed the pending motion for attorneys' fees and expenses arising out of its July 31, 2008 complaint and the subsequent motions for reconsideration. The matter is now fully briefed. The court has subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (2006).

## DISCUSSION

A corporation that does not employ more than 500 employees and whose net worth does not exceed $7 million on the day the action was filed may recover attorneys' fees if (1) it is a prevailing party in a civil action; (2) the government's litigation position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the fee application is submitted to the court within 30 days of final judgment in the action and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1), (2); *see Comm'r v. Jean*, 496 U.S. 154, 158 (1990).

Plaintiff filed its EAJA application with the court on May 8, 2009, less than thirty days after the April 10, 2009 issuance of the court's opinion on reconsideration. The application was therefore timely filed. On the date plaintiff filed its complaint, July 31, 2008, Klinge Corporation had a net worth of less than $7 million and employed less than 500 employees. Plaintiff is therefore eligible to apply for an EAJA award. Defendant has not challenged the assertion that plaintiff was a prevailing party or claimed that special circumstances make an award unjust. Nor has it questioned the amount of fees, which we note are already discounted from the hours actually incurred. Counsel has done an excellent job in representing plaintiff in this protracted dispute, so the only question is whether the government's litigation position was substantially justified.

Substantial justification of the government's position is an issue as to which defendant holds the burden of proof. *White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005). A substantially justified legal position is defined not as "'justified to a high degree,' but rather 'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1998). A position may be considered justified "even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it had a reasonable basis in law and fact." *Id.* at 566.

We must "look at the entirety of the government's conduct [both prior to and during litigation] and make a judgment call whether the government's overall position had a reasonable basis in both law and fact." *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991). We note, however, that while we consider the agency's pre-litigation conduct and the Department of Justice's subsequent litigation position to make "only one threshold determination for the entire civil action," *Jean*, 496 U.S. at 159, we view that one civil action to be *Klinge II* and not *Klinge I*. The two actions are plainly related, but they are separate. While we previously awarded fees in *Klinge I*, we view this issue anew in *Klinge II*.

Defendant argues that its overall litigation position was substantially justified because the contracting officer had a reasonable basis to believe he could not award the contract to Klinge without re-opening discussions. That belief prompted his decision to change procurement methods from an RFP to an RFQ. Defendant further argues that the contracting officer's "decision to

7

change procurement methods was neither pretextual nor made in bad faith" but instead an innocent mistake:

> . . . the contracting officer had a good faith belief that he was acting in strict accordance with the Court's decision [of June 5, 2008] that TAA compliance could only be evaluated based upon the original proposal, discussion responses, and final proposal revision, and not upon an explanation that was offered during the course of litigation before either the GAO or the Court.

Def.'s Resp. to Pl.'s EAJA Mot. at 11. Defendant posits that "in defending the contracting officer's determination to change procurement methods, we relied upon the underlying factual situation and sequence of events that occurred during the entire course of litigation." *Id.* at 10. Specifically, regarding the prior protests at the Government Accountability Office ("GAO"), defendant states that it "held discussions and requested final proposal revisions . . . and Klinge did not attempt to clarify its proposal until the second GAO protest." *Id.* Moreover, defendant argues that its overall litigation position was substantially justified because the CO's decision to re-open discussions "in order to take into account Klinge's adjustment to its proposal to cure its admitted lack of TAA compliance is consistent with FAR § 15.306(a) and a past decision of this Court." *Id.* at 11.

Plaintiff contends that defendant was not substantially justified because "the agency acted unreasonably by determining that Klinge's proposal failed to comply with the TAA, which served as its primary justification for cancelling the RFP." Pl.'s EAJA Mot. at 8. It claims, moreover, that "Klinge's explanation of its TAA compliance plainly was not a change to Klinge's proposal, and it was wholly unreasonable to find otherwise." *Id.* Finally, plaintiff contends that "the agency . . . failed to argue that Klinge was non-compliant during the first COFC protest. Indeed, during those proceedings, it actually endorsed the Court's finding." *Id.*

We agree with defendant that its overall litigation position was substantially justified. The more important relief plaintiff sought was an injunction and reinstatement of the results of the prior RFP. To achieve that remedy, we held that something more than an innocent mistake had to be proved. Consequently, even though the CO's actions were mistaken in fact and law, we agreed with the government's principal argument, namely, that

there was no bad faith, no animus toward plaintiff, and no desire to help the intervenor. The points as to which we agreed with plaintiff were not, ultimately, controlling as to the principal relief sought, an injunction. Because we accepted the government's primary argument, of necessity, its position was substantially justified.

In sum, defendant's overall litigation position had a reasonable basis in both law and fact. Defendant's opposition to the injunctive relief sought by plaintiff was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Accordingly, plaintiff has failed to prove a required element of 28 U.S.C. §§ 2412(d)(1), (2). Plaintiff's claim to recover attorneys' fees and expenses pursuant to the EAJA in this action is therefore denied.

## CONCLUSION

The government's overall litigation position was substantially justified. Plaintiff has not demonstrated its entitlement to recover fees and expenses pursuant to the EAJA. Accordingly, the Clerk is directed to dismiss the application for fees and expenses. No costs. Judgment accordingly.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Judge